# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| APRIL PEDRETTI,<br>       Appellant, | DOCKET NUMBER<br>SF-0714-17-0696-I-1 |
|     v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>       Agency. | DATE: May 10, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>McRae Cleaveland</u>, <u>Bobby Devadoss</u>, Esquire, and <u>Megan Zeller</u>, Esquire, Dallas, Texas, for the appellant.

<u>Eric Lazare</u>, San Diego, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's demotion decision pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the petition for review and REVERSE the initial decision to the extent the administrative judge sustained the demotion action. The appellant's demotion is REVERSED. We AFFIRM the initial decision to the extent the administrative judge found that the appellant failed to prove her affirmative defenses of discrimination based on disability and sex, as MODIFIED to apply the correct standards applicable to those claims.

## BACKGROUND

By a letter dated August 8, 2017, the agency proposed to remove the appellant from her position as a GS-12 National Cemetery Administrator (NCA), pursuant to 38 U.S.C. § 714, based on a charge of lack of proper oversight. Initial Appeal File (IAF), Tab 4 at 19-21. The deciding official issued a decision letter sustaining the charge and mitigating the removal penalty to a demotion to a GS-9 Budget Analyst position, effective September 17, 2017. *Id.* at 23-26. The appellant timely filed the instant Board appeal challenging her demotion, asserting that the charge and specifications were not supported by the record; the agency action did not promote the efficiency of the Federal service; and the agency decision was motivated by unlawful discrimination. IAF, Tab 1 at 6.

After the appellant filed a motion withdrawing her request for a hearing and requested a trial by submission, IAF, Tab 16, the administrative judge issued a close of record order in which she identified the issues to be adjudicated, set forth the applicable law and burdens of proof with respect to the charge and the affirmative defenses, and ordered the parties to submit closing evidence and argument, IAF, Tab 18.

In an initial decision based on the parties' written submissions, the administrative judge found that the agency proved the charge by substantial evidence and that the appellant failed to prove her disability and sex discrimination affirmative defenses. IAF, Tab 24, Initial Decision (ID) at 3-20. The administrative judge further determined that, pursuant to 38 U.S.C.

§ 714(d)(2)(B), she was precluded from mitigating the penalty, and so, she affirmed the demotion without addressing the reasonableness of the penalty. ID at 11, 20-22.

The appellant has timely filed a petition for review of the initial decision, and the agency has filed a response in opposition to the petition for review.[2] Petition for Review (PFR) File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant generally takes issue with the administrative judge's credibility determinations and argues that the agency failed to meet its burden of proving all three specifications of the charge. PFR File, Tab 3 at 7-13. She also argues that the agency's chosen penalty was excessive and the agency's action did not promote the efficiency of the service. *Id.* at 17-18. Finally, she challenges the administrative judge's finding that she failed to establish her affirmative defenses of discrimination based on her disability and sex. *Id.* at 13-17.

---

[2] With her petition for review, the appellant has included a number of exhibits, including emails she exchanged with agency officials, a copy of a sworn affidavit, a copy of the agency's discovery responses, and a number of other documents related to the demotion action, most of which were included in the record below and thus are not new. PFR File, Tab 3 at 20-72; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new). To the extent that the appellant submits documents that were not part of the record below, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Further, the submitting party must show that the evidence is material. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009). All of the newly submitted documents predate the initial decision, and the appellant does not assert that any of the documents were first obtained after the initial decision was issued. *See Avansino*, 3 M.S.P.R. at 214. In addition, the appellant has not shown that any of the evidence is of sufficient weight to change the outcome of the appeal. Accordingly, we have not considered these documents.

<u>The demotion action must be reversed based on recent U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and Board precedent.</u>

We do not reach the parties' arguments regarding the charge and penalty because we conclude that the agency improperly demoted the appellant for conduct predating the VA Accountability Act. *See Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 26 (handling the arguments on review similarly in a section 714 appeal in which the action was reversed because the charged conduct predated the VA Accountability Act). After the initial decision in this appeal was issued, the Board and the Federal Circuit issued precedential decisions addressing the application of the VA Accountability Act to events that occurred before the date of its enactment. Based on that precedent, which was not available to the administrative judge when she issued the initial decision, we conclude that the appellant's demotion must be reversed.

In *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1374, 1380-82 (Fed. Cir. 2020), the Federal Circuit concluded that 38 U.S.C. § 714 cannot be applied to events occurring before its enactment because Congress did not authorize its retroactive application, and the statute's lowered substantial evidence standard of proof and elimination of the Board's authority to mitigate the penalty detrimentally affected Dr. Sayers's property right to continued employment. The court also acknowledged that the notice of proposed removal in that case had not been issued until after the enactment of the VA Accountability Act but determined that "[s]ection 714's impermissible retroactive effect on Dr. Sayers's substantive employment right is not eliminated by the prospective application of § 714's procedures." *Id.* at 1381. Consequently, the court held that the agency may not use the VA Accountability Act to discipline an employee for matters that occurred before its effective date, June 23, 2017, and vacated Dr. Sayers's removal. *Id.* at 1380-82.

As in *Sayers*, in this case, the agency removed the appellant under the VA Accountability Act based entirely on misconduct that predated the Act's June 23,

2017 enactment date. IAF, Tab 4 at 19-21, 23-26. Additionally, as the court held in *Sayers*, the fact that the proposal and decision letters were issued after the enactment date is of no consequence because 38 U.S.C. § 714 may not be applied to conduct that predates the passage of the Act, irrespective of the date that the agency action was proposed and effectuated. *Sayers*, 954 F.3d at 1380-81. Accordingly, the agency's charge is not sustained, and the appellant's demotion must be reversed. *See id.* at 1380-82; *Wilson*, 2022 MSPB 7, ¶ 33.

<u>We agree with the administrative judge that the appellant failed to prove her discrimination affirmative defenses, but we modify the initial decision to clarify the proper standard applicable to these claims.</u>

*Sex Discrimination*

In the initial decision, the administrative judge determined that the appellant failed to establish her affirmative defense of sex discrimination, concluding that none of the statements she identified evinced a discriminatory animus and the appellant failed to provide any evidence that she or other female employees were treated worse than their male counterparts. ID at 18-20. Consequently, the administrative judge determined that the appellant failed to provide any evidence that her sex was a motivating factor in the agency's decision to demote her, and thus did not meet her burden of proof with respect to this affirmative defense. ID at 20.

On review, the appellant argues that the administrative judge afforded insufficient weight to credible evidence of discriminatory animus by the appellant's supervisor who initiated the investigation that eventually resulted in her demotion. PFR File, Tab 3 at 15-16. Specifically, she argues that the administrative judge "seemingly brush[ed] [] away" her supervisor's statement that "the last woman we had here barely met my expectations," and his instruction to the appellant not to "screw it up." *Id.* at 16.

In an order setting forth the appellant's burdens for her affirmative defenses, the administrative judge identified the standard set forth in *Savage v.*

*Department of the Army*, 122 M.S.P.R. 612 ¶¶ 41-42, 51 (2015), *as clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), as the standard applicable to the appellant's sex discrimination claim. IAF, Tab 9 at 2-5. She similarly applied this standard in the initial decision. ID at 18-19.

Following the issuance of the initial decision in this case, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 30, which overruled parts of *Savage* and clarified the proper analytical framework to be applied to affirmative defenses of Title VII discrimination and retaliation.

Based on our review of the record, we conclude that the outcome of this appeal under the standard set forth in *Pridgen* would be the same as that arrived at by the administrative judge. Regarding the appellant's argument that the administrative judge improperly dismissed her supervisor's statement to her that "the last woman we had here barely met my expectations," and his warning that the appellant not "screw it up," the appellant argues that the administrative judge seemingly dismissed the offending statement on temporal grounds. PFR File, Tab 3 at 16. The record does not support the appellant's assertion.

After noting that the supervisor made the statement shortly after the appellant became the new NCA in November 2015, the administrative judge pointed out that the supervisor appeared to have made the statement in the context of explaining what his expectations were of all cemetery directors. ID at 19. The administrative judge observed that, contextually understood, the supervisor's harsh statements about the prior NCA's performance and his cautionary statement to the appellant not to "screw it up" were indicative of his stern management style, generally, irrespective of the sex of his subordinates. ID at 19. This reading is bolstered by the administrative judge's observation that one of the appellant's comparators for her disability discrimination claim (who is male) also alleged that he was harassed by the supervisor and was also eventually proposed for removal during the same time frame as the appellant, leading the administrative judge to conclude that the supervisor was "apparently stern with

all of his employees." ID at 20. Based on our review of the record, we agree with the administrative judge's finding that there is no evidence that discriminatory animus by the appellant's supervisor influenced the deciding official. Further, we find that the administrative judge appropriately considered all of the relevant evidence. Consequently, we affirm the administrative judge's finding that the appellant failed to meet her burden of proving that sex discrimination played any part in the demotion action, as modified herein to apply the standard set forth in *Pridgen*.

*Disability Discrimination*

As previously noted, the appellant raised an affirmative defense of disability discrimination due to her post-traumatic stress disorder (PTSD) condition based on failure to accommodate and disparate treatment theories. IAF, Tab 12 at 6-7, Tab 21 at 10-13, 39-40. As the administrative judge correctly observed, the Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act of 1973, which has incorporated the standards of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008. ID at 13 n.3; *Pridgen*, 2022 MSPB 31, ¶ 35; *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Pridgen*, 2022 MSPB 31, ¶ 35.

Regarding the appellant's failure to accommodate claim, the administrative judge concluded that the agency was not obligated to accommodate the appellant because there was no evidence that she had requested any accommodation. ID at 13-15. We agree with this finding. In finding that the appellant did not prove her failure to accommodate claim, the administrative judge observed that the appellant was granted all the leave she requested for her counseling appointments for her condition, and further, that her requests to attend a funeral and for

temporary housing were not requests for a reasonable accommodation. ID at 14-15.

On review, the appellant concedes that she did not request a reasonable accommodation from the agency but argues that the agency nonetheless had an obligation to investigate any "facts and/or circumstances that give rise to a link between an employee's medical condition and issues or problems in the workplace." PFR File, Tab 3 at 15. Consequently, she appears to suggest that the onus was on the agency to initiate the interactive process and to offer some sort of unstated accommodation, and that by failing to do so, the agency failed to accommodate her PTSD condition. *Id.* The Rehabilitation Act requires an agency to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014). An employee only has a general responsibility to inform her employer that she needs accommodation for a medical condition, and once an employee requests a reasonable accommodation, the employer must engage in the interactive process to determine an appropriate accommodation. *Id.*, ¶ 12.

To trigger an agency's obligation, an employee needs to link her request to a medical condition. EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, Question 1, Notice No. 915.002 (Oct. 17, 2002), available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada. Because the appellant has conceded that she did not request reasonable accommodation, we agree with the administrative judge that she failed to meet her burden of establishing her disability discrimination claim based on a failure to accommodate theory. ID at 15. She also has not alleged any facts below or on review that would have informed the agency that she believed her PTSD condition required accommodation, nor has she asserted

that she made any request for accommodation of her PTSD condition that the agency did not grant.

The administrative judge also rejected the appellant's disparate treatment disability discrimination claim, concluding that she failed to present any evidence that any similarly situated employees without a disability were treated more favorably than the appellant. ID at 15-17. Further, the administrative judge determined that the appellant had not provided any evidence that the deciding official had any knowledge of her PTSD condition at the time she decided to sustain the charge and mitigate the removal to a demotion. ID at 17.

Additionally, the administrative judge considered the appellant's argument that she and a number of other employees with PTSD were treated less favorably because of their PTSD. ID at 16-17. The same standards and methods of proof set forth above for the appellant's Title VII claim apply to her disability discrimination claim based on alleged disparate treatment. *Pridgen*, 2022 MSPB 31, ¶¶ 40, 42. One way an appellant may establish a discrimination claim is through comparator evidence, or evidence relating to the allegedly more favorable treatment of similarly situated employees outside her protected group. *Id.*, ¶¶ 24, 27. To be similarly situated, comparators must have reported to the same supervisor, been subject to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.*, ¶ 27.

Although she did not have the benefit of the Board's *Pridgen* decision, the administrative judge's analysis was consistent with *Pridgen*. ID at 14-17. She evaluated the sworn affidavits from purported comparator employees but concluded the following: (1) one of the purported comparators was not similarly situated to the appellant because he was not supervised by the same supervisor as the appellant; (2) another comparator, who was supervised by the appellant's supervisor and who had PTSD, was a valid comparator, but that employee's sworn affidavit indicated that the supervisor was intensely critical of all of his

subordinates, including those without disabilities, and so that comparator's affidavit did not provide any evidence of discrimination; and (3) the appellant did not indicate whether any of the final group of potential comparators were individuals with a disability, so the administrative judge could not determine whether they were valid comparators. ID at 16; IAF, Tab 21 at 90-110. Further, the administrative judge considered, and rejected, the appellant's argument that several statements by her supervisor concerning PTSD being "50% service-connected" and the appellant being "too sensitive" were evidence of discriminatory animus. ID at 15-16. Finally, the administrative judge noted that the appellant had not provided any evidence that the deciding official was aware of the appellant's disability when she decided to sustain the charge and mitigate the removal penalty to a demotion. ID at 17.

Other than generally disagreeing with the weight the administrative judge assigned to the written affidavits of the purported comparator employees, the appellant does not specifically address these findings on review, and we agree with the administrative judge that the record is devoid of any evidence tending to show that the agency was motivated by discriminatory animus when it proposed or effectuated the demotion action at issue in this appeal. PFR File, Tab 3 at 10-11. We discern no basis to disturb the administrative judge's conclusions, and we affirm her finding that the appellant failed to prove this affirmative defense, as modified to incorporate the correct applicable standard set forth in *Pridgen*. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

## ORDER

We ORDER the agency to cancel the demotion action and to reinstate the appellant to her former position as a GS-12 National Cemetery Administrator, effective September 17, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g., TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions (if applicable).
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.